**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| EUGENE DOMENICK, ) | |
| ) | Case No. 3:15-cv-146 |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| CREDIT PROTECTION ASSOCIATION, LP., ) | |
| ) | **JURY DEMANDED** |
| Defendant. ) | |

Now comes the Plaintiff, EUGENE DOMENICK, by and through his attorneys, and for his Complaint against the Defendant, CREDIT PROTECTION ASSOCIATION, LP. Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Windber, Pennsylvania.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a limited partnership of the State of Texas, which is not licensed to do business in Pennsylvania, and which has its principal place of business in Dallas, Texas.

**STATEMENTS OF FACTS**

9. In approximately February or March of 2015, Defendant caused a bill to be mailed to Plaintiff in an attempt to collect the aforementioned alleged debt.

10. Shortly after receiving said bill, Plaintiff placed a telephone call to Defendant and spoke with an employee, agent and/or representative of Defendant. Plaintiff informed the employee, agent and/or representative of Defendant with whom she spoke that he was represented by a law firm with respect to the alleged debt and provided his attorneys' contact information.

11. Despite having received notice of Plaintiff's attorneys' representation, on or about April 16, 2015, Defendant caused another bill to be mailed to Plaintiff in an attempt to collect the alleged debt.

2

12. Shortly after receiving said bill, Plaintiff placed another telephone call to Defendant and spoke with an employee, agent and/or representative of Defendant. Plaintiff informed the employee, agent and/or representative of Defendant with whom she spoke that he was represented by a law firm with respect to the alleged debt and provided his attorneys' contact information.

13. During said conversation, the employee, agent and/or representative of Defendant confirmed that Plaintiff had provided notice of representation during a previous conversation.

14. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

15. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

16. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 above as if reiterated herein.

17. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate

## COUNT II

18.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 above as if reiterated herein.

19.    Your company violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse our client in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

20.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 15 above as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

EUGENE DOMENICK

By: /s/ Paul M. Daniels
    Paul M. Daniels
    Attorney for Plaintiff

By: /s/ Christian M. Rieger
    Christian M. Rieger
    Attorney for Plaintiff

Paul M. Daniels
Pennsylvania Attorney No. 25803
Christian M. Rieger
Pennsylvania Attorney No. 307037
Attorneys for Plaintiff
Upright Law LLC
2403 Sidney Street
Suite 250B
Pittsburgh, PA 15203
Phone: (412) 381-8809
Fax: (412) 381-4594
paul@pauldanielslaw.com
chris@pauldanielslaw.com